UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN R. OWENS,

        Plaintiff,

   v.

PLACER COUNTY JAIL,

        Defendant.

No. 2:13-cv-02307 DAD P

ORDER

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983[1] and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I. In Forma Pauperis Application**

       Plaintiff has submitted an application requesting leave to proceed in forma pauperis. Plaintiff has not, however, filed a certified copy of his jail trust account statement for the six

/////

---

[1] Plaintiff commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. 254. In that petition, plaintiff appeared to be challenging the programming for inmates, such as himself, who were assigned to the sensitive needs yard at the Placer County Jail. In an order filed on November 22, 2013, Magistrate Judge Gregory Hollows concluded that plaintiff had intended to bring a civil rights action rather than a habeas action, directed the Clerk of the Court to reclassify this action as a civil rights action and to randomly reassign this case to another magistrate judge. (ECF No. 5.) The undersigned was then assigned to this action.

1

1    month period immediately preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).

2    Plaintiff will be provided the opportunity to submit a certified copy of his trust account statement.

3    **II.  Screening Requirement**

4    　　　As noted plaintiff's habeas petition has been construed by the court as a civil rights

5    complaint.  The court is required to screen complaints brought by prisoners seeking relief against

6    a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

7    The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

8    legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

9    that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §

10   1915A(b)(1),(2).

11   　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17   Cir. 1989); Franklin, 745 F.2d at 1227.

18   　　　Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

19   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22   However, in order to survive dismissal for failure to state a claim a complaint must contain more

23   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

24   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

25   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

26   allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

27   (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

28   resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, the allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Rule 8(a)(2), his complaint must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint and below will provide some guidance regarding the legal standards applicable to the claims it appears plaintiff is attempting to allege in this action.

**III. Naming a Proper Defendant**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

If plaintiff elects to pursue a civil rights action by filing an amended complaint, he must first name proper defendants in this civil rights action. The Placer County Jail is not a proper defendant. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002) (describing the two routes to municipal liability, where municipality's official

policy, regulation or decision violated plaintiff's rights, or alternatively where municipality failed to act under circumstances showing its deliberate indifference to plaintiff's rights), cert. denied, 537 U.S. 1106 (2003). The proper defendant(s) would seemingly be the jail staff member(s) who allegedly failed to provide plaintiff programming while he was assigned to the special needs yard.

**IV. Legal Standards Governing an Eighth Amendment Claim**

Prison and jail officials have a duty to provide humane conditions of confinement and therefore must ensure that inmates receive adequate food, clothing, shelter, and medical care, and take reasonable measures to guarantee the safety of inmates. Hudson v. Palmer, 468 U.S. 517, 526–27 (1984). However, only "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105–06 (1976). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

"[A] prison official violates the Eighth Amendment only when two requirements are met." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The second requirement, flowing from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment, is a subjective one; "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have had a 'sufficiently culpable state of mind.'" Id. (quoting Wilson, 501 U.S. at 297). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety[.]" Id. (quoting Wilson, 501 U.S. at 302–03.)

In any amended complaint he elects to file, plaintiff must provide additional factual allegations concerning the programming that he claims to have been denied and should also allege how long he was assigned to the special needs yard at the Placer County Jail. Plaintiff must also allege facts showing that each named defendant was aware of his confinement and that he was being denied programming, and were nonetheless deliberately indifferent about the conditions of plaintiff's confinement.

/////

**V. Amended Complaint**

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant with respect to that claim must be sufficiently alleged.

**VI. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his jail trust account statement for the six month period immediately preceding the filing of the complaint;

2. Plaintiff's complaint filed November 5, 2013 (ECF No. 1) is dismissed;

3. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";

/////

      4. Plaintiff's failure to comply with this order will result in the dismissal of this action without prejudice; and

      5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

Dated: May 5, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
owen2307.14+